```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                  FOR ONLINE PUBLICATION ONLY
---------------------------------------------------------------- X
GIUFFRE HYUNDAI, LTD.,                         :
                                               :
                    Plaintiff,                 :
                                               :       MEMORANDUM
        - against -                            :       AND ORDER
                                               :
TIG INSURANCE COMPANY,                         :       05CV1631 (JG)
                                               :
                    Defendant.                 :
---------------------------------------------------------------- X
```

A P P E A R A N C E S :

    THE MARGOLIS LAW FIRM LLC
        5 Becker Farm Road (4th Floor)
        P.O. Box 420
        Roseland, New Jersey 07068
    By:   William D. Sanders
        Attorneys for the Plaintiff

    MORGAN, MELHUISH, MONAGHAN, ARVIDSON, ARBRUTYN & LISOWSKI
        651 W. Mt. Pleasant Avenue
        Suite 200
        Livingston, New Jersey 07039
    By:   Elliot Abrutyn
        Attorneys for the Defendant

JOHN GLEESON, United States District Judge:

        TIG Insurance Company moves for a partial summary judgment declaring that TIG had no obligation to defend or to indemnify Giuffre Hyundai with respect to the claims asserted in <u>Pindell v. Giuffre Hyundai</u>, Case No. 02cv2213 (E.D.N.Y.), on the ground that the policyholder failed to "report this [claim] ... in writing as soon as possible," after the complaint was filed, as required by the contract of insurance. *See* Def.'s Ex. B, Policy Section V -- Conditions. Oral argument was held on the motion on Friday, January 13, 2006. Because under New York law, "[t]he requirement that an insured notify its liability carrier of a ... claim 'as soon

as practicable' operates as a condition precedent to coverage," *White by White v. City of New York*, 81 N.Y.2d 955, 957 (1993), and Giuffre Hyundai failed to give notice of the <u>Pindell</u> claim until nearly 18 months after it was served with the complaint, I grant the defendant's motion. In doing so, however, I note the limited scope of this decision.

## BACKGROUND

Giuffre Hyundai purchased a policy of insurance against "Statute and Title (and Lemon Law)" liability from TIG, covering "sums the insured [became] legally obligated to pay as 'damages' " during the period of May 9, 2002 to May 9, 2003, and extending to alleged violations, errors, or omissions occurring on or after May 9, 2001, with a limit of $1,000,000 per claim and in the aggregate. Section V of the Policy, labeled "Conditions," provides: "In the event a 'claim' is made against any insured, or you have knowledge of a 'claim', you must: ... [r]eport this to us in writing as soon as possible." A "claim" is defined as "a demand in which 'damages' are alleged," including "a civil proceeding in which 'damages' are alleged to which this insurance applies."

On April 11, 2002, Frederick Pindell, who had purchased a vehicle from Giuffre Hyundai, sued the dealership and the Dime Savings Bank of New York in the United States District Court for the Eastern District of New York, alleging violations of, among other things, the federal Truth in Lending Act ("TILA"), 15 U.S.C. 1601 *et seq.*, and New York's "Lemon Law," General Business Law § 198-a. Pindell was represented by the law firm of Sadis & Goldberg LLC. On April 29, 2002, Giuffre Hyundai accepted service of the complaint, which it answered on July 10, 2002, represented by Rosabianca & Associates, P.L.L.C. The Dime Savings Bank immediately moved to dismiss, and discovery was therefore stayed as to both

defendants pending the court's decision of that motion. Judge Glasser denied the motion to dismiss on October 1, 2003, and on October 28, Rosabianca & Associates notified TIG's agent of Pindell's claim. By letter of November 10, 2003, TIG disclaimed coverage on the Pindell case on the ground of late notice.

Meanwhile, in January 2003, another of Giuffre Hyundai's former customers, Daniel DelValle, filed a substantially similar complaint -- also in the Eastern District, also represented by Sadis & Goldberg. Giuffre Hyundai timely notified TIG of this claim, and TIG agreed to defend the claim under a reservation that it could not insure against any claims based on fraud or intentional misconduct. TIG assigned the law firm of Faust, Goetz, Schenker & Blee to defend the action, and settlement negotiations commenced. According to the policyholder, "Sadis & Goldberg ... offered to settle that case for the equivalent of the value of the subject vehicle without additional consideration or discovery concerning the TILA claims." Declaration of Martin Margolis ¶ 14. TIG did not elect to settle the case at that time and proceeded with discovery.

On September 24, 2003, Sadis & Goldberg deposed Joseph Bonaventura, an employee of Giuffre Hyundai, who, according to the dealership, "had not been properly prepared," and as a result he disclosed potentially damaging information. Declaration of Martin Margolis ¶ 17. Based upon this testimony, Sadis & Goldberg suspected a pattern of TILA violations at the dealership and sought discovery of "all [Giuffre Hyundai's] retail sales records for the month of January 2002," which the court compelled by order of January 7, 2004.

Giuffre Hyundai then fired the Faust Goetz firm and retained its present counsel, the Margolis Law Firm, in both the DelValle and Pindell matters. In Mr. Margolis's words,

3

"Upon my firm's retention, we determined that disclosure of the records sought could expose the dealership ... to additional liability from both civil plaintiffs and regulatory agencies .... [and had] the potential to jeopardize our client's standing with lenders who extended credit to its customers." Declaration of Martin Margolis ¶ 21. The Margolis Firm felt compelled to settle both cases quickly, and did so by a single agreement for a total of $150,000. Of that amount, Pindell and DelValle each received $20,000. "The balance of the funds paid, $110,000, went directly to Sadis & Goldberg," in exchange for the firm's representations (1) "[t]hat it would not refer to [Giuffre Hyundai] in 'advertisements or solicitations'"; (2) "[t]hat it would not disclose the terms of the settlements"; (3) "[t]hat it did not represent any other claimants against [Giuffre Hyundai], except for a specified 'Lemon Law' claim"; and (4) "[t]hat it would not oppose any motion of [Giuffre Hyundai] to seal the record and the deposition transcripts obtained in those cases." Declaration of Martin Margolis ¶ 27-28.

Giuffre Hyundai then brought this action for, among other things, breach of contract and bad faith failure to settle, seeking to recover the $150,000 it paid to Pindell, DelValle, and (most of all) to Sadis & Goldberg.

DISCUSSION

The defendant's motion for partial summary judgment is a narrow one; indeed, according to the plaintiff, it concerns an issue not relevant to any theory of recovery stated in the complaint. In any event, in the interest of clarity, I grant the defendant's motion as far as it goes.

"[I]t is settled law in New York that absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy[,] and the insurer need not show prejudice before it can assert the defense of noncompliance." *Am. Home Products Assurance Co. v. Int'l Ins. Co.*, 90

4

N.Y.2d 433, 440 (1997) (internal quotation marks omitted). *See also*, *New York v. Blank*, 27 F.3d 783, 793 (2d Cir. 1994) ("Where the insured fails to comply with these conditions, the insurer is relieved of its duty not only to indemnify, but also to defend the insured."). Periods of delay in reporting a claim much shorter than the 18 months at issue here have repeatedly been held unreasonable and therefore grounds for denying coverage. *See, e.g.*, *Am. Ins. Co. v. Fairchild Ind., Inc.*, 56 F.3d 435, 440 (2d Cir. 1995) (noting "delays of one or two months are routinely held 'unreasonable'").

The dealership's only argument in this regard is that the attorney TIG originally assigned to defend the DelValle matter had independent knowledge of the Pindell claim. *See* Declaration of John Giuffre ¶ 10 (stating that Attorney Randy Faust of the Faust Goetz firm "was aware of the existence of the Pindell case before I brought it to his attention"). Because DelValle did not sue Giuffre Hyundai until more than seven months after the dealership answered Pindell's complaint, this hardly constitutes a valid excuse. In any event, "[t]he law [in New York] is clear that an insured's obligation to provide timely notice is not excused on the basis that the insurer has received notice of the underlying occurrence from an independent source." *Travelers Ins. Co. v. Volmar Const. Co.*, 752 N.Y.S.2d 286, 289 (1st Dep't 2002).

Accordingly, TIG cannot be held liable for the settlement of the Pindell case on the theory that it breached its contract of insurance with Giuffre Hyundai by denying coverage of Pindell's claim because of late notice. As the parties agreed at oral argument on January 13, 2006, however, this conclusion does not foreclose later argument as to the proper measure of damages, should Giuffre Hyundai succeed in proving one or more of its claims against TIG concerning the DelValle claim. Giuffre Hyundai has already made clear its theory that TIG's

5

failure to handle the DelValle claim in good faith dramatically and directly increased the price it had to pay to settle the Pindell case. Nothing in this opinion precludes Giuffre Hyundai from arguing at the appropriate time that it is entitled to recover the amount of that increase. TIG, of course, will be free to join issue on that score.

## CONCLUSION

For the foregoing reasons, the defendant's motion for partial summary judgment is granted.


So ordered.


Dated:	Brooklyn, New York
	January 18, 2006